**IN THE UNITED STATES BANKRUPTCY COURT**
Eastern District of Kentucky
Lexington Division

| | |
|---|---|
| **In the Matter of**: } | |
| } | Case No. 18-50508 |
| AMY JO EMMONS } | |
| } | Chapter 7 |
| **Debtor(s)** } | |

**MOTION FOR ENFORCEMENT OF THE TURNOVER PROVISIONS OF THE BANKRUPTCY CODE**

---

**COMES NOW** the above-named debtor, by and through her attorney of record, and respectfully moves the Court pursuant to Sections 105, 547, 522 and 542 of Title 11 of the United States Code, Rules 9013 and 9020 of the Rules of Bankruptcy Procedure and Rules 9013-1 of the Local Rules of Practice for the United States Bankruptcy Court for the Eastern District of Kentucky, for the entry of an order for economic and monetary sanctions against the respondent named herein and in support hereof respectfully show unto the Court the following:

**Jurisdiction**

1.      This contested case is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2.      This Court has both personal and subject matter jurisdiction to hear this contested case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the Eastern District of Kentucky on July 30, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

3.      Section 362(h) of title 11 of the United States Code provides individual debtors with a powerful tool to safeguard the benefits of the automatic stay and to discourage violations of the stay.  Putnam v Rhymes Heating Oils, Inc., 167 B.R. 737, 741 (Bankr. D.N.H. 1994).  The debtor further alleges that this provision provides that "an individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. Section 362(h).

## The Base Case

4. The underlying Chapter 7 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on March 23, 2018

5. An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition. The movant further avers that this order served to invoke the provisions of Sections 362(a) and of Title 11 of the United States Code.

6. The 341(a) meeting of creditors was scheduled to be held in Lexington, Kentucky on April 24, 2018.

7. Community Trust Bank, a Creditor in this action seized $3,600.00 within 90 of the filing of the petition on or about March 7, 2018.

9. The funds seized occurred within the 90 day preference period described in 11 USC §547

10. Amy Jo Emmons is the movant and debtor in the above referenced Chapter 7 bankruptcy case.

11. Mark T. Miller, is the Chapter 7 Trustee, assigned to administer this case for the United States Bankruptcy Court for the Eastern District of Kentucky, Lexington Division.

12. The respondent Community Trust Bank is an Ohio Corporation organized and existing under the laws of the State of Kentucky; with a principal office address of 346 N. Mayo Trail PO Box 2947, Pikeville, KY 41502

13. The movant alleges that this Court has jurisdiction over this proceeding pursuant to Sections 151, 157, and 1334 of Title 28 of the United States Code.

14. The movant alleges that this is a core proceeding and the movant further consents to a dispositive order in this proceeding by the Bankruptcy Court.

15. The movant avers that certain of the her property, which is the subject of this motion, is property of the estate as defined by Section 541 of Title 11 of the United States Code to wit:   Three Thousand Six hundred Dollars ($3,600.00).

16. The actions of the respondent as alleged herein constitute willful, intentional and fraudulent conduct in violation of the provisions of Sections 542 and 543 of Title 11 of the United States Code.

**WHEREFORE,** the movant respectfully prays of the Court as follows:

  A. That this court order the immediate return of the 3,600.00 in seized funds which is the subject of this motion to the Debtor, Amy Jo Emmons.

  B. That this Court impose sanctions against respondent for violating Section 542 and 543 of Title 11 of the United States Code in a sum to be determined by the Court as a damage award payable to the debtor;

  C. That this Court order the respondents to pay reasonable legal fees and expenses to the attorney for the debtor, or reasonable legal fees in this case pursuant to Section 105(a) of Title 11 of the United States Code, said fees to be based on an hourly fee of no less than $275.00;

  D. That the debtor have and recover against the respondent a sum to be determined by the Court in damages for the willful and intentional violation of the turnover order and the turnover injunctions provided for by Sections 542 and 543 of Title 11 of the United States Code;

  E. That, in the alternative, this Court hold the respondent in civil contempt for violating Section 542 of Title 11 of the United States Code, and impose damages including but not limited to actual damages, punitive damages, court costs and legal fees, all in the discretion of the Court;

  F. That an Order be entered requiring the respondent to forthwith turn over the debtor's cash collateral;

  G. That the movant have such other and further relief as to the Court may seem just and proper.

  Respectfully Submitted,

  BRIAN T. CANUPP, P.S.C.

  /s/ Brian T. Canupp
  Brian T. Canupp
  322 Main Street
  Paris, KY 40361
  859-988-9658
  Brian@canupplaw.com

NOTICE & OPPORTUNITY TO OBJECT

Parties of record are also notified that they shall have 14 days notice and opportunity to file a response to this application. Failure to file a response may cause the court to enter an order granting the motion without hearing.

/s/ Brian T. Canupp

CERTIFICATE OF SERVICE

I Brian T. Canupp do here by certify that a copy of this motion was served upon the below identified parties via U.S. Mail Postage Prepaid on this the 4th day of September, 2018.

CHARLES WAYNE HANCOCK,II
346 N MAYO TRAIL
P. O. BOX 2947
PIKEVILLE, KY 41502-2947

Community Trust Bank
346 N MAYO TRAIL
P. O. BOX 2947
PIKEVILLE, KY 41502-2947

By Certified Mail:
Jean R. Hale, President and CEO
346 N. Mayo Trail
PO Box 2947
Pikeville, KY 41502-2947


Electronically to:

Mark T. Miller Chapter 7 Trustee

/s/ Brian T. Canupp